IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Scott Herrick, *et al.*

    Appellants,

        v.

Merrill Cohen, Trustee

    Appellee.

Civil Action No.: RDB-11-0025
Bankruptcy No.: 10-15348 DK

## **MEMORANDUM OPINION**

This case is before this Court on appeal from the Order of the United States Bankruptcy Court denying the motion of Scott Herrick, I.P.H. Properties, LLC, and Landmark Atlantic Hess Farm, LLC (collectively "Herrick" or "Appellants") to vacate judgment under Federal Rule of Civil Procedure 60(b)(1) and (3) and Federal Rule of Bankruptcy Procedure 9024. The United States Bankruptcy Court for the District of Maryland held a hearing on the matter and denied Appellants' motion, concluding that because it was filed more than four months after the Bankruptcy Court's original entry of judgment, the motion was untimely. Although the Bankruptcy Court need not have gone further, it also concluded that Appellants' delay in filing the Rule 60(b) motion was not the result of excusable neglect, but instead resulted from intentional choice, or strategy, on behalf of the Appellants. Furthermore, the Bankruptcy Court concluded that its underlying judgment in favor of the Appellee in this case was not the result of fraud, misrepresentation, or misconduct on the part of the Appellee, and therefore, Appellants were not entitled to

1

relief under Rule 60(b)(3).  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Appellants' appeal arises from the final order entered by the United States Bankruptcy Court for the District of Maryland.  Oral argument is deemed unnecessary as the facts and legal arguments are adequately presented in the briefs and record, and because the decisional process would not be significantly aided by oral argument.  *See* Local Rule 105.6 (D. Md. 2010); Fed. R. Bankr. P. 8012.  For the reasons that follow, the Order of the United States Bankruptcy Court is AFFIRMED.

## BACKGROUND AND PROCEDURAL HISTORY

Hess Farm Partnership (the "Partnership") is the Chapter 7 debtor in the underlying bankruptcy proceedings, but is not a party in this case.  The Partnership owned "Hess Farm" in Baltimore County, Maryland, which was the subject of the involuntary bankruptcy action below.  The parties in this appeal are creditors of the Partnership, and the dispute between them relates to the relative priority of their claims against its bankruptcy estate.  As this appeal challenges the Bankruptcy Court's denial of a Rule 60(b) motion to vacate judgment, and not the actual underlying judgment, only those facts that directly affect this Court's decision will be summarized.

The Appellee, Merrill Cohen ("Cohen"), is an attorney appointed by the United States Department of Justice to serve as the Chapter 7 Trustee for the bankruptcy estates of Michael Silver and Tally LLC in this matter.  On September 5, 2010, Michael Silver and Tally LLC filed a complaint under 11 U.S.C. § 510(c) for equitable subordination of the Appellants' claims against the debtor, the Hess Farm Partnership.  The Appellants answered the complaint and participated in various pretrial proceedings, including a pretrial

2

conference.[1] At the pretrial conference, The Bankruptcy Court set a trial date for March 18, 2010. Mr. Herrick, however, did not subsequently attend the trial, nor did anybody appear on his or his companies' behalf. In this regard, it should be noted that the Bankruptcy Court specifically made a factual finding that Mr. Herrick "had actual knowledge" of the trial date. *See* Hr'g Tr. p. 46, Nov. 16, 2010, ECF No. 1-2.

On March 31, 2010, the Bankruptcy Court entered judgment in favor of Cohen, and closed the case. Despite notice, Herrick did not appeal that decision, and did not move for reconsideration or for a new trial under Rule 59. Rather, four months after the entry of the Bankruptcy Court's judgment, Herrick filed the Rule 60(b) motion to vacate the Bankruptcy Court's decision that is the subject of this appeal. The Bankruptcy Court, over three separate days of hearings, received testimony, exhibits, and argument, and ultimately denied Herrick's Rule 60(b) motion from the bench on November 16, 2010. Appellants sought relief from the Bankruptcy Court's underlying judgment on two grounds: (1) that Appellants' failure to attend the March 18, 2010 trial was the result of excusable neglect under Rule 60(b)(1); and (2) that certain evidence and argument made by Appellees at the trial constituted a fraud on the court under Rule 60(b)(3).

In denying the motion, The Bankruptcy Court made a number of factual findings pertinent to this appeal. First, the Court concluded that Mr. Herrick was aware of, and received copies of the judgment entered in favor of Appellees at the March 18 trial. *See id* at

---

[1] Mr. Herrick, the sole owner of the two other named appellant companies, attended the pretrial conference alone. As noted by Bankruptcy Judge Keir, Mr. Herrick's attorneys withdrew their appearance as a result of nonpayment of fees. At this conference, however, Mr. Herrick indicated to the Bankruptcy Court that he had retained new counsel. *See* Hr'g Tr. p. 45-46, Nov. 16, 2010, ECF No. 1-2.

3

48-50. Second, the Court found that Herrick's assertions that he did not understand the import of the order and judgment entered against him and his companies were without "justification or support." *Id.* at 51. Third, the Bankruptcy Court determined that Herrick's contention that he believed the matter had been settled was "contrary to the factual evidence." *Id.* Finally, the Bankruptcy Court found that Herrick made a strategic decision to not participate in the March 18 trial, and that his non-participation was not the result of excusable neglect, but rather, was "intentional choice." *Id.* at 54. Specifically, the Court found:

> [I]t wasn't mistake, it wasn't misunderstanding, and it wasn't reliance that caused the delay in filing the motion under 60(b). But that it was part of a strategy that Mr. Herrick had decided to employ to not spend the money to engage counsel to defend. And to not immediately react. But to rely on communications with [counsel] to see whether or not this could be resolved by a settlement, if one could be found that he would agree to. It was only after that failed that he decided to go back and ask counsel, which was readily available to him the whole time, how to get out of it.
>
> Strategies have abounded in the conflicts between Mr. Silver and Mr. Herrick. And this is but one.

*Id.* at 53.

As a result, the Court concluded that Herrick's motion, filed more than four months after the Court's entry of judgment, was not the result of mistake, inadvertence, surprise, or excusable neglect, and was therefore untimely. Although this conclusion could have ended the matter, the Court further held that Herrick's motion also failed under Rule 60(b)(3). Specifically, the Court held that an alleged non-disclosure of a conflict of interest by Appellee's counsel at the March 18 trial was not a fraud on the court, and that counsel for

4

the Appellee did not suborn perjury at the March 18 trial and did not intentionally mislead the Court. *Id.* at 56-57.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry-Go-Round Enterprises, Inc.,* 400 F.3d 219, 224 (4th Cir.2005); *In re Kielisch,* 258 F.3d 315, 319 (4th Cir.2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). An abuse of discretion standard applies in the review of the Bankruptcy Court's denial of a Rule 60(b) motion. *See Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir 1995) ("the power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion."). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (citation omitted). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr.P. 8013; *see also In re White,* 128 Fed.

5

Appx. 994, 999 (4th Cir.2005); *Suntrust Bank v. Johnson,* 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D.Md. Dec. 4, 2006).

## ANALYSIS

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

On the facts of this Case, it is abundantly clear that the Bankruptcy Court operated well within its discretion to deny the extraordinary relief sought by Appellants in their original Rule 60(b) motion. As previously mentioned, timeliness is a threshold requirement

6

that must be met before a court will consider the merits of a Rule 60(b) motion. *See Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009); *Lail v. Horry Cnty.*, 363 F. App'x 223, 226 (4th Cir. 2010) (unpublished). The Bankruptcy Court specifically found the Rule 60(b) motion to be untimely—and there is no basis for this Court to find error in that conclusion. Accordingly, this Court will not disturb the Bankruptcy Court's holding.

In finding the motion untimely, the Bankruptcy Court relied on the United States Court of Appeals for the Fourth Circuit's decision in *McLawhorn v. Daniel & Co.* for the proposition that a Rule 60(b) motion filed four months after entry of the underlying judgment was untimely. 924 F.2d 535, 538 (4th Cir. 1991). In that case, the Fourth Circuit noted that "we have held on several occasions a Rule 60(b) motion is not timely brought when it was made three to four months after the original judgment, and no valid reason is given for delay." *Id.* (citations omitted). The Bankruptcy Court specifically found that Herrick provided no valid excuse for the delay—he was aware of the judgment, understood it, and could have acted in a timely fashion. *See* Hr'g Tr. p. 48-54, Nov. 16, 2010, ECF No. 1-2.

Because the record in this case fully supports the Bankruptcy Court's conclusion as to the timeliness of Appellant's underlying Rule 60(b) motion, this Court concludes that it need go no further.[2] As the Fourth Circuit recently noted, the timeliness of a Rule 60(b) motion is

---

[2] In addition to arguing for affirmance of the Bankruptcy Court's order denying Appellant's Rule 60(b) motion, Appellee requests proceedings under Bankruptcy Rule 8020 to "assess the frivolousness of this appeal and [Appellee's] entitlement to damages and costs." Federal Rule of Bankruptcy Procedure 8020 provides, in pertinent part: "If a district court . . . determines that an appeal . . . is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee." While Appellee appears only to request that Bankruptcy Rule 8020 proceedings be "conducted," this Court notes that the Rule specifically requires a "separately filed

a "dispositive" issue. *Lail*, 363 F. App'x at 226. Moreover, the fact that Appellants chose not to appeal the original judgment "weighs heavily against [Appellants'] ability to set the judgment aside at a later date under Rule 60(b). *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir 1995) (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

## CONCLUSION

Because there is nothing in the record of this case to lead this Court to conclude that the Bankruptcy Court abused its discretion in denying Appellants' Rule 60(b) motion, and for the reasons stated above, the decision of Bankruptcy Judge Duncan Keir denying Appellants' Rule 60(b) motion to vacate judgment is AFFIRMED.

A separate Order follows.

Dated: June 13, 2011 /s/_____
Richard D. Bennett
United States District Judge

---

motion," which is not present here. As such, Appellee's request for Bankruptcy Rule 8020 proceedings is not properly before this court. *See In re Zegeye*, No. DKC-04-1387, 2005 WL 147403, at *7 (D. Md. Jan. 21, 2005).